## Case No. 12,536.

### SCOTT v. JONES.

### [1 Brock. 244.] [1]

Circuit Court, D. Virginia. Nov. Term, 1812.

SET OFF—ACTION ON BOND—ASSIGNMENT—PRESENT DEMAND—NOTICE.

1. J. S. executed his bond to T. M. R. who assigned it to J. At the time of the assignment, there was a running account between J. S. and T. M. R. The assignee instituted suit against the obligor, and some time afterwards, but before judgment, upon a settlement of accounts, between J. S. and T. M. R., there was found a balance due from T. M. R. to J. S., which was acknowledged at the foot of the account, by T. M. R., who promised to pay it three years after the date of the settlement. *Held*, that this claim cannot be used as an offset against the bond, against the assignee, either at law, or in equity.

2. A debt, payable in future, cannot be pleaded in bar of a present demand.

3. The obligor in an assigned bond, who has equitable discounts against it, ought to inform the assignee of his claims, when notice of the assignment is given to him.

[Questioned in Stebbins v. Bruce, 80 Va. 398. Cited in brief in Washington v. Pollard, 5 Grat. 452.]

In equity.

MARSHALL, Circuit Justice. On the 7th of October, 1776, Peter Field Trent, Alexander Trent, John Harris, John Scott, and William Gay, executed a bond to T. M. Randolph, for six hundred pounds, payable on the 25th of April, 1783. Peter Field Trent was the principal, and the other obligors, his sureties. On the 1st of May, 1789, T. M. Randolph assigned this bond to W. Jones. From 1763 to 1788, there was a running account between T. M. Randolph and the obligor J. Scott, which was settled on the 2d of September, 1791, when T. M. Randolph acknowledged himself to owe J. Scott £360 9s. 2d., to be paid in three years. The acknowledgment is at the foot of the account, and is for the precise balance, but does not in terms refer to the account. On this bond, a suit was instituted by the assignee, and the writ was executed to November, 1790, and a judgment was rendered thereon, against John Scott, one of the obligors, in May or November, 1794. For the purpose of using his claim against T. M. Randolph, as a discount, J. Scott placed the acknowledgment which has been mentioned in the hands of counsel, who, by a mistake, which is stated in his affidavit, omitted to produce it at the trial of the cause. In December, 1795, J. Scott obtained an injunction to this judgment, and the case now comes on for a final hearing. The failure to produce this acknowledgment at the

trial, is accounted for in so satisfactory a manner, that it is admitted, that the discount may now be used, if the plaintiff in equity could have availed himself of it at law.

The first question, therefore, to be decided is, could John Scott have used this acknowledgment of T. M. Randolph, as a discount at law? The act of assembly, under which the assignee sues, obliges him to allow all just discounts, not only against himself, but against the assignor, before notice of the assignment was given to the defendant.[2] Was this a just discount, when notice of the assignment was given to the obligor? [3] Notice was given, if not sooner, by the service of the writ, which was previous to November, 1790, and, consequently, prior to the settlement of this account with T. M. Randolph. Could the items of that account have been substantiated without the acknowledgment of T. M. Randolph, it might have been used as an offset in the suit at law, had the items not have been barred by the act of limitations; but by making that settlement, and giving to T. M. Randolph credit for three years, the applicability of this account as an offset against the bond in the hands of the assignee seems to be taken away. A debt payable in future cannot be pleaded in bar of a present demand; and, therefore, when this acknowledgment was given, it could not have been set up against the bond. The credit given upon it seems to prove, that it was the intention of the parties not to oppose this account to the bond, which, at that time, was the property of the assignee. On no other principle could a credit have been given. The debt from Scott, upon the bond, being due at the time, if the right to oppose the account to the bond had been contemplated to be reserved, no credit could have been desired or given. It seems to have been a part of the stipulation, by which an acknowledgment of the account, so as to remove the bar created by the act of limitations, was obtained. It may well be doubted, whether this acknowledgment can operate against a person previously the assignee of the bond, so as to revive a claim against him. But be this as it may,

---

[2] 1 Rev. Code 1819, p. 484, c. 125, § 5. Tate, Dig. 30.

[3] In an action by the assignee, against the maker of a promissory note, he cannot set off against it a bill of exchange, for which the assignor is responsible to him, unless it appear that he was the owner thereof, before he received notice of the assignment. Ritchie v. Moore, 5 Munf. 388. Though the assignee of a bond, for valuable consideration, and without notice, takes it, subject to all the equity of the obligor, (Norton v. Rose, 2 Wash. (Va.) 233; Picket v. Morris, Id. 255,) and is in no better situation than the assignor, (Stockton v. Cook, 3 Munf. 68. But see an exception to this principle in Buckner v. Smith, 1 Wash. (Va.) 296; Elliott's Ex'r v. Smock, Id. 389), yet such equity must be clearly established by proof, before it shall affect an assignee without notice; especially if the obligor, after assignment, promise payment to the full amount of the bond, to the assignee. Mayo v. Giles' Adm'r 1 Munf. 533; Ludwick v. Croll, 2 Yeates, 464; Henry v. Brown, 19 Johns. 49.

---

[1] [Reported by John W. Brockenbrough, Esq.]

the credit stipulated in the promise to pay the money, proves the agreement to look to T. M. Randolph for payment. This acknowledgment is in the nature of a promissory note, given after notice of the assignment of the bond, and, consequently, is incapable of being discounted from it at law.[4] If J. Scott could not have used this acknowledgment at law, can he avail himself of it in a court of equity? Had no settlement of accounts or acknowledgment on the part of T. M. Randolph been obtained, it would probably have been impossible to establish the items of the account; and if they could have been established, the claim might have been barred by the act of limitations. The acknowledgment of Randolph does not appear to give any equity as against this bond. The credit stipulated destroys any equity which might have arisen from the existence of an actual debt at the time of the assignment. Independent of the evidence which the face of the paper affords, of an understanding that J. Scott was to look to Randolph for the money due on the account, a creditor has not a right to give such a credit by which a third person is affected. The mere circumstance of giving the credit amounts to a taking the debt upon himself, and relinquishing the power to make it the debt of a third person. Upon other grounds, too, the plaintiff has abandoned his equity as against the bond on which this judgment was obtained. The obligor in an assigned bond who has equitable discounts against it, ought to inform the assignee of his claims, when notice of the assignment is given to him. In fair dealing, he is bound to do this, that the assignee may take measures to secure himself against the assignor. It was decided in the case of Wardrop v. Dobson's Adm'rs, that the omission of the obligor to give this notice to the assignee, deprived him of his equity in the event of a total loss to be sustained by the one or the other of the parties, and with that decision the court is satisfied.[5]

It is the opinion of the court, that the plaintiff could not have availed himself at law of this claim as a discount, and is not at liberty to set it up in equity. The bill, therefore, must be dismissed with costs.

[4] See footnote 3 on preceding page.

[5] The editor has not been able to find the case cited in support of this position. The presumption is, that it was a case before the chief justice himself in the circuit court. It seems to be amply sustained, however, by the cases cited in note (2) to this case.

